UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                                                  :

JORGE MARTINS,                                   :

                                            Plaintiff,         :   **MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

                                    - against -                    :

THE SHERWIN-WILLIAMS COMPANY,  :  22-cv-3520 (BMC)
d/b/a KRYLON PRODUCTS GROUP, and
ANIXTER INC.,

                                  Defendants.
------------------------------------------------------------ X

**COGAN**, District Judge.

    In virtually every products liability case where the alleged defect is not open and obvious, qualified expert testimony on the alleged defect is essential. An injury by itself does not prove a defect. An expert is needed to investigate the cause of the accident and, based on his knowledge, experience, and testing of the product under similar conditions, determine whether there is a viable theory of product liability. In communicating with the expert, it is the responsibility of the plaintiff's attorney, not the expert, to confirm that the expert's opinion satisfies the Supreme Court's requirements in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993); <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999); and their progeny. It is therefore crucial that plaintiff's lawyer selects a qualified expert in a products liability action.

    In this products liability case in which an aerosol paint can exploded and injured plaintiff, plaintiff's counsel picked the wrong expert. The opinion of his expert, Mr. Dale Cagwin, met none of the <u>Daubert</u> criteria. He had never worked with aerosol spray cans or any analogous product; he never tested the spray can at issue or others like it to confirm his theory; and he

relied wholly on two inapposite third-party reports that may or may not have related to differently-constructed spray paint cans used under different circumstances. For these reasons, the Court's decision to exclude the opinion under Daubert was not close. See Martins v. Sherwin-Williams Company, No. 22-cv-3520, 2023 WL 8788942 (E.D.N.Y. Dec. 19, 2023).

We are now only a month from picking a jury in this case. But having lost his expert, plaintiff's attorney now moves to reopen discovery and adjourn the trial so he can look for and retain a new expert.

The legal standards governing this issue are well-established. A party must disclose expert testimony "at the times . . . that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Moreover, a discovery schedule may only be modified for "good cause." Fed. R. Civ. P. 16(b)(4). In determining whether to reopen discovery, a court may consider several factors, but the most relevant factor is whether the moving party was diligent in obtaining discovery before the deadlines established by the court. See, e.g., Zsa Zsa Jewels, Inc. v. BMW of North Am., LLC, No. 15-cv-6519, 2020 WL 3403116, at *1 (E.D.N.Y. June 18, 2020).

Here, the Court ordered the parties to exchange expert reports by June 28, 2023. Plaintiff was not diligent in obtaining reliable expert discovery before that deadline. Plaintiff is charged with notice that each of his expert witnesses, including Mr. Cagwin, would have to meet the well-established standards under Daubert. See Weisgram v. Marley Co., 528 U.S. 440, 455-56 (2000) ("It is implausible to suggest, post-Daubert, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail."). Indeed, many federal courts (including this one) have denied motions to reopen discovery so a party can retain a new expert witness after the court's exclusion of that party's expert. See, e.g., Exist, Inc. v. Tokyo Marine Am. Ins. Co., No. 22-cv-1679, 2023 WL 7117369

2

(S.D.N.Y. Oct. 5, 2023) (denying similar request on the grounds that plaintiff had not demonstrated good cause pursuant to Rule 16(b)(4)); Bermudez v. City of New York, No. 15-cv-3240, 2018 WL 6727537, at *7 (E.D.N.Y. Dec. 21, 2018); Lippe v. Bairnco Corp., 249 F. Supp. 2d 357, 386 (S.D.N.Y. March 14, 2003). Rule 16 and Rule 26 do not allow plaintiff a second bite at the apple.

Plaintiff's point that "Mr. Cagwin and his employer assured plaintiff's counsel that Cagwin had the requisite expertise to opine on the issues in this case" does not help him. Apparently, plaintiff found Mr. Cagwin through his firm, Robson Forensic, a litigation consulting firm that matches up its consultants with requests from attorneys who need expert testimony in cases. But plaintiff cannot shift the blame to Robson Forensic or Mr. Cagwin. They are not lawyers. Plaintiff's counsel had to make the call under Rule 702 and Daubert as to whether the proffered expert was qualified and could give an admissible opinion.

The Federal Rules of Civil Procedure do not guarantee plaintiff a do-over just because his expert witness was disqualified. That would not be fair to defendants. Defendants proceeded through fact and expert discovery in this case, expending a substantial amount of time and attorneys' fees, and made a successful Daubert motion, all based on plaintiff's representation that Mr. Cagwin was going to be his product defect expert. Plaintiff wants to start all over again not just for himself, but to compel defendant to do so as well.

Nor has plaintiff given any reason to believe that such an expert even exists. When defendant made its Daubert motion raising serious issues about the admissibility of Mr. Cagwin's opinion, plaintiff could have right away started looking for a more appropriate expert. Instead, he chose to rise or fall with what he had. Even at this stage, he has done nothing to suggest that he will be successful in locating such an expert. Plaintiff has not submitted a

3

proposed new expert report, nor has he "provided any concrete information suggesting that [a new expert report] would be successful," Exist, 2023 WL 7117369, at *3-4. Finally, plaintiff has had plenty of time to complete discovery. The Court has granted no less than three extensions in this case: the first for fact discovery (joint request), the second for expert reports (plaintiff's request), and the third to respond to defendants' Daubert motion (plaintiff's request).

Moreover, even if there is a qualified expert somewhere out there who could form an admissible opinion the way plaintiff would like, the relief plaintiff seeks would almost inevitably lead to another Daubert motion once plaintiff proffered another expert to support his failure-by-shaking theory (for which, as the Court's recent decision noted, Mr. Cagwin was not able to provide sufficient support from scientific literature or testing). See Exist, 2023 WL 7117369 at *4 (denying plaintiff's motion to reopen discovery, in part, because it would lead to a second Daubert motion, creating additional expense for both sides and delaying trial).

Because plaintiff has not demonstrated "good cause" sufficient to reopen discovery pursuant to Rule 16 and excuse noncompliance with Rule 26, plaintiff's motion is denied.[1]

Defendants are ordered to file their motion for summary judgment by January 25, 2024, with opposition due February 8, 2024, and reply due February 15, 2024.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       January 10, 2024

---

[1] To be sure, the other factors courts consider in determining whether to reopen discovery counsel in favor of denying plaintiff's motion. See Zsa Zsa Jewels, 2020 WL 3403116, at *1 (listing factors). Trial commences soon, on February 26, 2024. Defendants oppose the request. Defendants would likely suffer prejudice because they would probably have to amend their own expert reports and file another Daubert motion on the eve of trial.

4