UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                         :

JORGE MARTINS,                      :
                                         :     **MEMORANDUM DECISION**
                      Plaintiff,          :     **AND ORDER**
                                           :

               - against -           :     22-cv-3520 (BMC)
                                         :

THE SHERWIN-WILLIAMS COMPANY,    :
d/b/a KRYLON PRODUCTS GROUP, and   :
ANIXTER INC.,                     :
                                         :

                     Defendants.      :
                                         :
------------------------------------------------------------ X

**COGAN**, District Judge.

As the Court stated in its last Order in this case, qualified expert testimony is essential in virtually every product liability case where the alleged defect is not obvious. "An injury by itself does not prove a defect. An expert is needed to investigate the cause of the accident and, based on his knowledge, experience, and testing of the product under similar conditions, determine whether there is a viable theory of product liability." Martins v. The Sherwin-Williams Co., No. 22-cv-3520, 2024 WL 641383, at *1 (E.D.N.Y. Jan. 10, 2024). In this product liability case in which an aerosol paint can exploded and injured plaintiff, the Court excluded plaintiff's liability expert on the grounds that he was unqualified and his opinions unreliable. After the Court denied plaintiff a second bite at the apple (i.e., finding another expert who would actually satisfy Daubert), the case proceeded to summary judgment, which is presently before the Court. Without expert testimony – or any other evidence – to support his product liability claims, plaintiff's claims fail and defendants' motion for summary judgment is granted.

**BACKGROUND**

A summary of undisputed facts is as follows.  Plaintiff was a welder and mechanic working at a powerplant.  While painting a piece of fabricated steel with a can of aerosol spray-paint primer, the can exploded into his face.  As a result, he sustained serious injuries, including the loss of his right eye.  Plaintiff had exclusive control over the aerosol can at the time of the accident, and plaintiff's employer held the can under its exclusive control for several months prior to the accident.

Plaintiff had extensive experience with aerosol cans given the nature of his profession, and testified that it is "common sense" not to strike the can against hard surfaces.  Plaintiff also testified that he did not recall reading the warning label of the aerosol can that injured him.  When plaintiff was admitted to the hospital, doctors made a treatment note quoting him as saying he was "shaking up a spray paint can and hitting it on a table when the lid flew off and hit his right eye."  Plaintiff asserts that he does not remember making this statement, and denies that struck the can on a table.

Plaintiff brought suit against Sherwin-Williams, the manufacturer of the paint can, and Anixter, Inc., the distributor of the paint can, alleging strict products liability, negligence, and breach of implied warranty.  Specifically, plaintiff alleged that the can was defectively designed and/or manufactured and did not contain adequate warnings and, consequently, the can exploded solely from plaintiff shaking it.  Defendants countered that plaintiff struck the can against a table, as plaintiff said at the hospital, causing it to explode.  Defendants' expert examined the remains of the can and found that the bottom of the can was repeatedly struck against a hard surface; that these repeated strikes deformed the bottom of the can and caused surface cracks to form and

2

propagate until the wall of the can was unable to withstand the internal pressure; that the wall of the can fractured and the bottom section separated from the can body; and that, consequently, the can exploded.

On defendants' Daubert motion, the Court excluded the report and testimony of plaintiff's liability expert Dale Cagwin on the grounds that (1) he was not qualified to opine on the design of aerosol cans or the sufficiency of their warning labels, and (2) his opinions on spray paint can design and warnings were not sufficiently reliable.  Martins v. Sherwin Williams Co., No. 20-cv-3520, 2023 WL 8788942 (E.D.N.Y. Dec. 19, 2023).  Soon thereafter, plaintiff moved for an extension of time to try to find a new liability expert, which the Court denied on the grounds that plaintiff had not demonstrated good cause to do so.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The opposing party must put forward some "concrete evidence from which a reasonable juror could return a verdict in his favor."  Id. at 256.  "[A]t the summary judgment stage, the district court is not permitted to make credibility determinations or weigh the evidence[.]"  Kee v. City of New York, 12 F.4th 150, 166 (2d Cir. 2021).  When deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.

**DISCUSSION**

I.     **Plaintiff lacks the necessary evidence to support his strict product liability claims**

A.  Plaintiff's design defect and manufacturing defect claims fail as a matter of law.

Plaintiff claims that the aerosol can causing his injury suffered from design and

manufacturing defects.  The elements of a design defect claim are as follows: (1) the product

posed substantial harm, (2) it was feasible to design the product in a safer manner, and (3) the

defective design was a substantial factor in causing plaintiff's injury.  See Zsa Zsa Jewels, Inc. v.

BMW of North Am., 419 F. Supp. 3d 490, 507 (E.D.N.Y. 2019).  The elements of a

manufacturing defect claim are as follows: (1) the product was defective due to an error in the

manufacturing process, and (2) the defect was the proximate cause of the plaintiff's injury.

Cowan v. Costco Wholesale Corp., No. 15-cv-05552, 2017 WL 59080, at *3 (E.D.N.Y. Jan. 5,

2017).  When the product in question presents complex or technical issues, expert testimony is

necessary to demonstrate the elements of these defect claims.  See Nemes v. Dick's Sporting

Goods, Inc., 521 F. Supp. 3d 328, 337-38 (S.D.N.Y. 2021); see also Martins, 2024 WL 641383,

at *1 ("In virtually every products liability case where the alleged defect is not open and obvious,

qualified expert testimony on the alleged defect is essential.")  Without expert evidence to

support the elements of these defect claims, summary judgment for defendants is appropriate.

See Guarascio v. Drake Assocs. Inc., 582 F. Supp. 2d 459, 463 (S.D.N.Y. 2008).

Defendants argue that, given the exclusion of Mr. Cagwin's report, plaintiff has no

evidence to support the existence of any defect in the can, whether by manufacture or design.  I

agree. Aerosol cans have the kind of complex and technical nature that necessitates an expert's

testimony in demonstrating a design and/or manufacturing defect.  See generally Bozick v.

Conagra Foods, Inc., No. 19-cv-4045, 2022 WL 4561779 (S.D.N.Y. Sept. 28, 2022).  Without

Mr. Cagwin's report or testimony, plaintiff has only his own say-so in support of his argument that the can exploded solely due to him shaking it.

In light of the hospital note quoting plaintiff as stating that he struck the can on a table, and defendants' expert report opining that is what must have happened to make the can explode, it seems unlikely that a jury would credit plaintiff's testimony that the can magically exploded just from shaking it, as that was the prescribed and intended manner for the can's use. Nevertheless, this is a motion for summary judgment, and I must therefore assume the facts most favorably to plaintiff, *i.e.*, that a jury would credit his statement that he didn't strike the can. Whether I would order a new trial if the jury reached such a conclusion is not presently before me.

Nevertheless, even if a jury could conclude that plaintiff did not strike the can against the table, it would have no way of knowing, in the absence of expert testimony, whether there was a manufacturing or design defect. What was the error in the design or manufacturing process that led to the explosion? Was that alleged error the cause of plaintiff's injury? Could the product have been feasibly designed in a manner that would have prevented the injury? Plaintiff is effectively asking the jury to speculate as to the existence of a defect and what the defect was. In doing so, he runs squarely into the cases holding that a product liability claim on a complex product cannot succeed without expert testimony. See, e.g., Zsa Zsa, 419 F. Supp. at 508; Guarascio, 582 F. Supp. at 463; Fitzpatrick v. Currie, 52 A.D.3d 1089, 1091-92, 861 N.Y.S.2d 431, 434 (3rd Dep't 2008). Without that necessary expert testimony, plaintiff's design and manufacturing defect claims fail as a matter of law.

B. Plaintiff cannot rely on *res ipsa loquitur* to support his manufacturing and design defect claims

*Res ipsa loquitur* is inapplicable unless the defendant exercises exclusive control of the instrumentality that allegedly caused plaintiff's injury. See Z.C. v. Wal-Mart Stores, Inc., 574 Fed. Appx. 52, 54 (2d Cir. 2014). The record is undisputed that plaintiff's employer had possession of the spray can somewhere between seven and twenty-one months before plaintiff did. Again, even crediting plaintiff's testimony that he did not strike the can, there is no way of knowing if it fell of a shelf or suffered some other impact while it was under his employer's control and before plaintiff took control of the can. Since defendants obviously did not have exclusive control of the can leading up to the accident, *res ipsa loquitur* is inapplicable, and defendants' motion is granted as to this theory.[1]

C. Plaintiff's failure to warn claim fails as a matter of law.

Plaintiff also brings a failure to warn claim. However, because plaintiff did not defend this claim in his opposition to defendants' Daubert motion, nor in opposing the present summary judgment motion, the Court assumes that plaintiff has abandoned this claim. In any event, the claim fails as a matter of law because plaintiff admitted that he didn't read the can's warning label. Cf. Martins, 2023 WL 8788942 at *5 ("[F]ailure to warn cannot be the proximate cause of an accident where a warning would not have increased the user's awareness of the danger.") (internal citation omitted).

---

[1] I agree with defendants that the premises liability cases plaintiff cites are inapposite. In those cases, potential liability under *res ipsa loquitur* rested on the property owner's ability to control the object causing plaintiff's injury, whereas here, it is undisputed that defendants lacked control. See, e.g., Rodriguez v. Athenium House Corp., 557 F. App'x 37, 38 (2d. Cir. 2014) (vacating trial court's grant of summary judgment because issue of fact existed as to whether apartment building owners installed bulletin board that fell and caused injury); Marinaro v. Reynolds, 152 A.D.3d 659, 661-62, 59 N.Y.S.3d 87, 89-90 (2nd Dep't 2017) (overturning trial court's grant of summary judgment because issue of fact existed as to whether homeowner exclusively controlled deck step that caused injury).

**II.    Plaintiff's negligence and implied warranty claims fail as a matter of law.**

When a plaintiff brings product liability claims under strict liability, breach of implied warranty, and/or negligence, New York law analyzes them using the same legal framework.  See Oden v. Boston Scientific Corp., 330 F. Supp. 3d 877, 887 (E.D.N.Y. 2018) (product liability claims under strict liability and negligence are "functionally synonymous"); Donald, 2022 WL 32068351, at *4 (same for strict liability and implied warranty product liability claims).  Thus, I agree with defendants that plaintiff's additional claims for negligence and implied warranty "rise and (in this case) fall with his strict liability claims."

**CONCLUSION**

Defendants' motion for summary judgment is granted.  The Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

*Brian M. Cogan*

_____
                    U.S.D.J.

Dated: Brooklyn, New York
         February 16, 2024